UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOHN JUNIOR WHITE, #329401,

        Petitioner,

v.                                          ACTION NO.
                                              2:05cv292

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying John Junior White's petition for writ of habeas corpus.

**I. STATEMENT OF THE CASE**

**A. Background**

Petitioner John Junior White ("White") was convicted in the Circuit Court of the City of Colonial Heights of robbery and unlawful wounding. On December 30, 2003, White was sentenced to a term of forty years imprisonment with thirty years suspended for the robbery. For the unlawful wounding, White was sentenced to a forty year suspended sentence.

White did not file a direct appeal of his convictions. White filed a habeas petition in the Virginia Supreme Court on September 1, 2004, which was dismissed on April 4, 2005.

White, presently in the custody of the Virginia Department of Corrections at the Haynesville Correctional Center in Haynesville, Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 8, 2005. On June 8, 2005, respondent filed a Rule 5 Answer and Motion to Dismiss. White filed a response to the Motion to Dismiss on June 17, 2005. Respondent filed a reply to the response on June 24, 2005.

### B. Grounds Alleged

White asserts the following entitle him to relief under 28 U.S.C. § 2254:

(a) he was denied effective assistance of counsel due to his counsel's failure to:

 (i) communicate and meet with him and adequately prepare him prior to trial;

 (ii) review the sentencing guidelines and correct inaccuracies in the presentence report; and

(b) the trial court erred in failing to comply with sentencing guidelines based upon the corrected presentence report.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion

In order for this Court to address the merits of this habeas petition, all of Petitioner's claims must be exhausted. See 28 U.S.C. § 2254(b) (2000). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428,

1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997). White's petition to the Virginia Supreme Court for a writ of habeas corpus contained the same claims raised in the present petition; therefore, White's Grounds (a) through (b) meet the exhaustion requirement.

### B. Strickland Merits

Grounds (a) and (b) alleged above as entitling White to relief both were previously asserted to the Virginia Supreme Court in his habeas petition filed on September 1, 2004. The Virginia Supreme Court denied Grounds (a) and (b) on April 4, 2005, based on the merits and the holding in Strickland v. Washington, 466 U.S. 668 (1984). Accordingly, these claims have been exhausted and are ripe for federal review.

The controlling standard for ineffective assistance of counsel claims is found in Strickland v. Washington, 466 U.S. 668 (1984). In order to recommend granting White's relief on his ineffective assistance of counsel claims, this Court must find that the Virginia Supreme Court's dismissal of White's claims was an unreasonable application of Strickland. Strickland requires the Virginia Supreme Court to analyze White's claims under a two-prong test: competence and prejudice. To have granted relief, the Virginia Supreme Court would have to have found that (1) White's lawyer's performance fell below the range of competence demanded of lawyers in criminal cases, id. at 690 (the "competence prong" of the test); and (2) there is a reasonable probability that but for the deficient performance by counsel the ultimate result would have been different. Id. at 694

(the "prejudice prong" of the test).  Further, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

This Court may not grant relief on any claim that was adjudicated on the merits in a state court unless such adjudication is contrary to law or involves an unreasonable determination of facts. 28 U.S.C. § 2254(d) (2000).  Upon a careful review of the record and White's contentions of ineffective assistance of counsel, this Court cannot find that the Virginia Supreme Court's adjudication on the merits was contrary to law nor involves an unreasonable determination of facts. The Virginia Supreme Court did not apply Strickland unreasonably.  Therefore, this Court recommends denying White relief on his claims of ineffective assistance of counsel, Grounds (a)(i) and (a)(ii), and trial court error, Ground (b).

First, White claims that he was denied effective assistance of counsel due to his counsel's failure to meet with him and adequately prepare him prior to trial. The Virginia Supreme Court rejected this claim because "petitioner failed to offer a valid reason why he should not be bound by his representations at trial that his counsel's performance was adequate." This Court agrees.

White's counsel states by affidavit that, in addition to speaking with White by telephone and meeting with White's family on multiple occasions, he personally visited White on two occasions. Because White is not guaranteed a right to a "meaningful attorney/client relationship," Morris v. Slappy, 461 U.S. 1, 13 (1983), White must demonstrate more than a perception of brevity of consultation time in order to establish that his counsel was ineffective. See Easter v. Estelle, 609 F.2d 756, 759 (5th Cir. 1980) (holding "the brevity of time spent in consultation, without more, does not establish that counsel was ineffective"); see also Jones v. Estelle, 622 F.2d 124, 128 (5th Cir.1980)) (finding that counsel was not ineffective for meeting with defendant only once before trial

as long as counsel was adequately prepared).

Additionally, prior to trial, White signed a Wavier of Rights Form in which he stated that he had sufficient time with his attorney to discuss the facts of the case and possible defenses. Additionally, during the plea colloquy, White answered "Yes" when asked if he was "entirely satisfied" with the services of his attorney. A criminal defendant is bound by his statements at trial concerning the adequacy of his counsel unless he can offer "a valid reason why he should be permitted to controvert his prior statements." Anderson v. Warden, 222 Va. 511, 516 (1981); see also Via v. Sup't of the Powhatan Corr. Center, 643 F.2d 167 (4th Cir. 1981); Edmonds v. Lewis, 546 F.2d 566 (4th Cir. 1976). Since White has failed to offer any such valid reason, White's first claim of ineffective assistance of counsel should be DENIED.

Second, White claims he was denied effective assistance of counsel due to his counsel's failure to review the sentencing guidelines and correct inaccuracies in his presentence report. Specifically, White refers to his counsel's failure to correct the presentence report, which inaccurately stated that White used a gun or a simulated gun in the commission of the robbery. This mistake had the result of an upward shift in the sentencing guideline of White.[1] White's counsel discovered the error after sentencing and filed a "Motion To Modify Sentence" on January 29, 2004, which the court heard and denied on February 24, 2004.

In order to satisfy the competence prong of the Strickland test, White must show that his counsel's performance fell below the range of competence demanded of lawyers in criminal cases.

---

[1] The erroneously calculated sentencing guideline was 6 years 0 months to 9 years 6 months with a midrange of 8 years 0 months. The corrected sentencing guideline was 3 years 1 month to 6 years 3 months, with a midrange of 5 years 0 months.

Id., at 690. Though White's counsel failed to discover the error before sentencing, counsel discovered the error and filed a "Motion To Modify Sentence" in a timely manner.[2] Thus, White has not sufficiently demonstrated that his counsel's performance fell below the range of competence demanded of lawyers in criminal cases.

Similarly, White's claim does not satisfy the prejudice prong of the Strickland test. In order to satisfy the prejudice prong, White must show that there is a reasonable probability that but for his counsel's failure to discover the error, the court would have imposed a different sentence. See id., at 694. After White's counsel discovered the error and filed a "Motion to Modify Sentence," the sentencing court denied the motion, even though it had the authority to modify White's sentence.[3] Therefore, there is not a reasonable probability that the sentence imposed would have been different if the error had been corrected prior to sentencing.

In sum, none of the claims raised in Grounds (a)(i) through (a)(ii) satisfy the Court that counsel's representation fell below the range of competence expected of other criminal defense attorneys or that his actions otherwise prejudiced the petitioner in violation of Strickland, 466 U.S. at 687.  Though a petition can be denied based on a failure to satisfy either prong of the Strickland test, id. at 697, White's claim fails to satisfy either prong. Therefore, White's claims of ineffective

---

[2] The sentencing court still had jurisdiction to modify the sentence pursuant to Va. Code § 19.2-203, which provides, in part:
> if a person has been sentenced for a felony to the Department of Corrections but has not actually been transferred to a receiving unit of the Department, the court which heard the case, if it appears compatible with the public interest and there are circumstances in mitigation of the offense, may, at any time before the person is transferred to the Department, suspend or otherwise modify the unserved portion of such a sentence.

[3] See supra note 2.

assistance of counsel should be DENIED.

Finally, White claims the trial court erred in failing to comply with the sentencing guidelines based on the corrected presentence report. A court is not bound by discretionary sentencing guidelines, and failure to follow such guidelines "shall not be reviewable on appeal or the basis of any other post-conviction relief." Va. Code § 19.2-298.01(F). Though White's sentencing reflected an upward departure from the sentencing guidelines,[4] the sentences imposed fell within the statutory sentencing limits of the crimes committed.[5] Additionally, during the plea colloquy, White stated that he understood the possible sentence and stated he still wished to plead guilty. Thus, White's claim that the trial court erred should be DENIED.

### III. **RECOMMENDATION**

For the foregoing reasons, the Court recommends that White's petition for writ of habeas corpus be DENIED and the respondent's motion to dismiss should be GRANTED.

White's Grounds (a)(i) and (a)(ii) should be DENIED because they were previously adjudicated by the Virginia Supreme Court on the merits and based on the holding in Strickland and none of the statutory exceptions apply that would allow this Court to review the claims on the merits.

White's Ground (b) should be DENIED because the court was not bound by the discretionary sentencing guidelines, and failure to follow such guidelines cannot be the basis for any post-

---

[4] Due to the "[e]gregious facts with extreme injury to victim," ("Final Disposition" of sentencing court) the sentencing court sentenced White to 10 years imprisonment (40 years with 30 suspended). The upper limit of the erroneously calculated sentencing guideline was 9 years 6 months.

[5] Robbery carries a sentence of five years to life, Va. Code §§ 18.2-58, and unlawful wounding carries a sentence of one to five years, Va. Code §§ 18.2-51.

conviction relief.

White's request for an evidentiary hearing is hereby DENIED.

White has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

                                        /s/
                             Tommy E. Miller
                             United States Magistrate Judge

Norfolk, Virginia

August 1, 2005

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

John Junior White, #329401
Haynesville Correctional Center
P.O. Box 129, Unit 6A
Haynesville, VA 22472


Deana A. Malek, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

                                                Elizabeth H. Paret, Clerk


                             By _____
                                  Deputy Clerk

                                  August    , 2005